IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE JAB ENERGY SOLUTIONS II, LLC,: | Chapter 11 |
| : | Bankr. No. 21-11226 (CTG) |
| Debtor.    : | |

| | |
|---|---|
| H. KENNETH LEFOLDT, JR., in his : | |
| capacity as Liquidating Trustee of the JAB : | |
| Energy Solutions II, LLC Liquidating Trust, : | Civ. No. 23-1083-CFC |
| : | |
| Appellant, : | |
| v.    : | |
| : | |
| ALLISON MARINE HOLDINGS, LLC, : | |
| : | |
| Appellee. : | |

| | |
|---|---|
| ALLISON MARINE HOLDINGS, LLC, : | |
| : | |
| Appellant, : | Civ. No. 23-1085-CFC |
| v.    : | |
| : | |
| H. KENNETH LEFOLDT, JR., in his : | |
| capacity as Liquidating Trustee of the JAB : | |
| Energy Solutions II, LLC Liquidating Trust, : | |
| : | |
| Appellee. : | |

## MEMORANDUM OPINION

April 11, 2025
Wilmington, Delaware

_Colm F. Connolly_

COLM F. CONNOLLY
CHIEF JUDGE

Before the Court is the motion (Civ. No. 23-1083-CFC, D.I. 22; Civ. No. 23-1085-CFC, D.I. 19)[1] ("Stay Motion") of Allison Marine Holdings, LLC ("AMH") seeking an order from this Court staying the effect of its September 30, 2024 Opinion[2] and Order[3] resolving the bankruptcy appeal while AMH pursues its appeal to the Third Circuit Court of Appeals.[4]  Based on its construction of the plan of liquidation confirmed in the above-captioned chapter 11 cases together with a certain management liability insurance policy (the "Policy"), this Court determined that Kenneth Lefoldt, Jr., as trustee appointed under the plan (the "Trustee"), has standing to pursue certain claims asserted against AMH in a lawsuit pending in the Southern District of Texas.[5]  AMH argues that the effect of the Order should be stayed until the Third Circuit has reviewed the threshold question of whether the Trustee has standing to pursue those claims.  Specifically, "AMH asks this Court to stay the effect of its Order, and thereby communicate to the Southern District of

---

[1] The Trustee and AMH filed appeals concerning separate rulings contained in the Order.  The docket of the Trustee's appeal is Civ. No. 23-1083-CFC, and the docket of the AMH's appeal is Civ. No. 23-1085-CFC.  For ease of reference, D.I. shall refer to items docketed on Civ. No. 23-1083-CFC, unless otherwise noted.

[2] Civ. No. 23-1083-CFC, D.I. 18.

[3] Civ. No. 23-1083-CFC, D.I. 19.

[4] *Allison Marine Holdings, LLC v. H. Kenneth Lefoldt, Jr. (In re JAB Energy Solutions II, LLC),* No. 24-3044 (3d Cir.).

[5] *Lefoldt v. Boudreaux, et al.,* No. 23-3331 (S.D. Tex.).

Texas its view that it would be appropriate to await a final ruling from the Third Circuit." D.I. 22 at 2. The Trustee opposes the Stay Motion on the basis that AMH has failed to establish irreparable harm in absence of a stay. D.I. 23 at 6-10. The Stay Motion is fully briefed. D.I. 22, 23, 24. No party requested oral argument.

## Background

In September 2021, JAB Energy Solutions II, L.L.C. ("JAB") filed for chapter 11 bankruptcy relief, and a plan of liquidation was confirmed in November 2022. In 2023, the Trustee filed an action in the Southern District of Texas, alleging breach of fiduciary duty claims against JAB's former manager, AMH, and certain officers of JAB. Because AMH contested the Trustee's standing to assert those claims, the Trustee filed a motion with the Bankruptcy Court seeking to interpret the plan to resolve those challenges to standing. The Trustee asked the Bankruptcy Court to answer two questions: (1) are the Trustee's claims against directors and officers limited to the portion of those claims that might be covered by insurance, or may the Trustee recover the *entire* claim?; and (2) is AMH an "Insured Person" under the Policy such that it may be sued by the Trustee? The Bankruptcy Court answered question (1) by agreeing with the Trustee that it could recover the entire claim, not only the portion covered by insurance. D.I. 1-1 at 5-7. The Bankruptcy Court answered question (2) by agreeing with AMH that AMH

2

was not an "Insured Person" that could be sued by the Trustee. *Id*. at 7. Both parties appealed the Bankruptcy Court's order to this Court.

On September 30, 2024, I issued an Order and accompanying Opinion resolving the parties' appeals. D.I. 18, 19. With respect to question (1), I affirmed the Bankruptcy Court's decision, holding that the causes of action were not limited to the amount of damages covered by an insurance policy. *Id*. at 8-14. With respect to question (2), I reversed the Bankruptcy Court's decision, holding that the Trust is authorized to assert a claim against AMH. *Id*. at 14-17. I also rejected AMH's procedural arguments about the need for an adversary proceeding or that the Bankruptcy Court should not have rendered a decision affecting the pending litigation in the Southern District of Texas. *Id*. at 17-28. AMH has now appealed my Order to the Third Circuit Court of Appeals.

## Jurisdiction

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). This Court has previously determined that the Bankruptcy Court's Order was a final order. D.I. 18 at 7.

## Discussion

"The granting of a motion for stay pending appeal is discretionary with the court." *In re Trans World Airlines, Inc*., 2001 WL 1820325, at *2-3 (Bankr. D.

3

Del. Mar. 27, 2001). "Irreparable harm is one of four factors relevant to the stay analysis." *In re Mallinckrodt PLC,* 2022 WL 1206489, at *1 (D. Del. Apr. 22, 2022). An applicant for a stay, however, "cannot succeed without showing that it will suffer irreparable harm absent a stay." *Id.* (citing *In re Revel AC*, 802 F.3d at 568).

In AMH's view, its appeal presents "an unusual situation" because "the Order decides legal questions relating to the Trustee's standing to pursue litigation in another court in another district." *Id*. at 3-4. Although "this Court has not purported to issue any command to the Southern District of Texas," AMH asserts that this Court should stay its Order because that litigation is "proceeding in parallel with the Third Circuit Appeal" and "the Southern District of Texas will look to this Court to evaluate whether it would be appropriate to consider the question of standing to be unresolved for the time being." *Id.*

"A stay would suspend any persuasive or *res judicata* effect this Court's order may have in the pending litigation," AMH asserts, and AMH may avoid "unnecessary litigation if the Third Circuit holds that the Trustee lacks standing to assert some or all of the claims, or that the Trustee cannot seek damages from any defendants in an amount in excess of applicable insurance coverage." *Id.* at 4-5. "Both issues are likely to cause irreparable harm if a stay is not entered," AMH further asserts, "because if AMH is added as a party in the litigation," it may be

4

required to "sit for a deposition *as a party*, and engage in motion practice, *as a party*." *Id.* at 9 (emphasis in original). "[T]hese costs would eat away at the applicable insurance policies, which have declining limits that reduce the remaining coverage by the amount of the cost of defense." *Id.* According to AMH, the "irreparable harm" here is "of such peculiar nature, so that compensation in money alone cannot atone for it." *Id.* (citing *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (an injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it). "Money will not be able to remedy the harm AMH will suffer if forced to litigate while this appeal continues," AMH contends, as it may "incur needless defense costs that whittle away the applicable insurance coverage, only to be left at the end of the day with a fraction (if any) of the individuals defendants' remaining coverage." *Id.*

A harm is "irreparable" for stay purposes when it "cannot be prevented or fully rectified" by a successful appeal. *In re Revel AC*, 802 F.3d at 568 (quoting *Roland Mach. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir. 1984)). Speculative harms are not enough: the movant "must 'demonstrate that irreparable injury is *likely* [not merely possible] in the absence of [a] [stay].'" *Id.* at 569 (alterations in original) (emphasis in the original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Moreover, the harm must be "more apt to occur than not."

5

*Id.* Finally, "purely economic injur[ies], compensable in money," are also insufficient, except in those rare cases "where the potential economic loss is so great as to threaten the existence of the movant's business." *Id.* at 572 (quoting *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011)).

The only harm AMH says it *might* face if a stay were not granted is that it would have to participate in discovery (and engage in unspecified "motion practice") in the litigation "as a party," as opposed to a non-party.  D.I. 22 at 9. Litigation expenses, however, do not constitute irreparable harm. *See Mohamed v. Uber Technologies,* 115 F. Supp. 3d 1024, 1032–33 (N.D. Cal. 2015) (collecting cases).  That is true even if the expenses are subsequently discovered to have been "needless" because the claims asserted are ultimately determined to be meritless by a court. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51-52 (1938) ("Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.").

## Conclusion

The Court acknowledges that discovery can be burdensome.  "However, such a burden, while regrettable, does not constitute an irreparable injury." *Castaneda v. United States,* 2008 U.S. Dist. LEXIS 40567 at *13 (C.D. Cal.

May 20, 2008). AMH has failed to establish that it will suffer irreparable harm in absence of a stay. Accordingly, no further analysis is required. *In re Revel AC*, 802 F.3d at 571 ("If the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.") (cleaned up).

The Court will issue a separate Order consistent with this Memorandum Opinion.